IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 3:24-CR-53-KAC-JEM |
| JASON LEE HOLLYFIELD, ERIC MICHAEL KINSLER, WHITNEY LYNN EDWARDS, ROBIN KRISTINA COLLINS, and ASHLEY PRESTON JONES, | ) | |
| Defendants. | ) | |

## AMENDED MEMORANDUM AND ORDER[1]

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jason Hollyfield's Motion to Continue [Doc. 38], filed on August 7, 2024, as well as Defendant Eric Kinsler's Motion to Continue/Adopt [Doc. 40], filed on August 9, 2024.

Defendant Hollyfield asks the Court to continue the trial date [Doc. 38]. In support of his motion, he asserts that his counsel could not fully access the discovery materials until August 2, 2024 [*Id.* ¶ 3]. He is detained five hours from his counsel [*Id.* ¶ 4]. While defense counsel has surveyed the discovery (which he notes is voluminous), he requires additional time to not only further review discovery but also meet with his client and address the need for motions [*Id.* ¶¶ 5–6]. He states that the government does not object to a continuance [*Id.* ¶ 6].

---

[1] This Amended Memorandum and Order replaces the Memorandum and Order entered on September 17, 2024, because the deadline for filing pretrial motions was inadvertently omitted.

On August 8, 2024, the Court ordered the remaining parties to file a position on Defendant Hollyfield's Motion to Continue [Doc. 39]. Defendant Eric Kinsler filed a Motion to Continue/Adopt, indicating he would join in Defendant Hollyfield's motion [Doc. 40]. Defendant Whitney Edwards filed a notice that she does not object to a continuance [Doc. 41]. Defendant Ashley Jones filed a notice that she does not object to a continuance; she indicates she likewise needs additional time to review discovery and understands her right to a speedy trial [Doc. 42]. Defense counsel confirmed with Chambers via email that Defendants Hollyfield, Kimseler, Edwards, and Collins understand their rights to a speedy trial.[2]

Based on the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In so determining, the Court considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time needed to effectively prepare, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendants Hollyfield, Kinsler, and Jones need further time to review discovery and otherwise prepare for trial. The Court finds that this cannot all occur before the September 24, 2024 trial date.

The Court therefore **GRANTS** Defendant Jason Hollyfield's Motion to Continue [**Doc. 38**] and Defendant Eric Kinsler's Motion to Continue/Adopt [**Doc. 40**]. The trial of this case is reset to **March 25, 2025**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of

---

[2] On August 14, 2024, the Court ordered Defendant Collins to file a position on continuing the trial or otherwise show cause for failing to do so. Defense counsel did not file a position on the continuance but emailed Chambers that Defendant Collins understood the right to a speedy trial.

2

Defendants and the public in a speedy trial, all the time between the filing of the initial motion on August 7, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Jason Hollyfield's Motion to Continue [**Doc. 38**] and Defendant Eric Kinsler's Motion to Continue/Adopt [**Doc. 40**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **March 25, 2025**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **August 7, 2024**, and the new trial date of **March 25, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **October 18, 2024**, and responses to motions are due on or before **November 1, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 25, 2025**;

(6) the deadline for filing motions *in limine* is **March 10, 2025**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **March 11, 2025**, at **10:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 14, 2025**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge